**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEARY BOWSER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| BLUESTEM BRANDS, INC. d/b/a ) | **COMPLAINT AND DEMAND FOR** |
| Fingerhut, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | |

## COMPLAINT

LEARY BOWSER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a Fingerhut.

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the District of Columbia and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Washington D.C.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located in Minnesota, 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in early January 2016, and continuing through March 2016, Defendant called Plaintiff on her cellular telephone.

14. Defendant's calls originated from telephone a number including, but

not limited to (844) 485-3204. The undersigned has confirmed that his number belongs to Defendant.

15. Defendant's representatives called Plaintiff on a consistent basis, during which Plaintiff received multiple calls from Defendant each week.

16. In addition, when contacting Plaintiff on her cellular telephone, Defendant also used an automatic telephone dialing system and automatic and/or pre-recorded messages.

17. Plaintiff knew Defendant was utilizing an automated dialing system as each call began with a delay prior to a representative picking up the phone.

18. Although Plaintiff has an account with Defendant, she revoked consent for future communication to her cellular telephone when the calls began in early January 2016.

19. Defendant ignored Plaintiff's request and continued to call several times thereafter, whereby Plaintiff estimates fifty (50) additional calls were placed to her cellular telephone.

20. Defendant's telephone calls were not made for "emergency purposes."

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, in and after early January 2016, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LEARY BOWSER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LEARY BOWSER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 7/27/16

KIMMEL & SILVERMAN, P.C.
By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsbirg@creditlaw.com